Silva, J.
This action was brought to recover damages for a defective and improperly installed swimming pool. Judgment entered for the plaintiff and the defendant filed a draft report claiming to be aggrieved by the court’s denial of certain requests for rulings. Judgment entered June 7,1987 and on June 9th, the defendant filed a Motion to Amend Findings and Judgment which was allowed on July 30,1987 as to Count II only. A draft report was filed on August 7,1987 but the clerk’s office has no record of its receipt until November 22,1988 when the trial judge hand delivered a copy to the clerk’s office. While it is not clear when or where the trial justice got his copy of the draft report, we assume that it was delivered to him on August 7,1987.
*210 Dist./Mun. Cits. R. Civ. P., rule 64(c) (1) (i) requires that "requests for reports shall be filed with the clerk of the Rial court within ten days after entry of judgment.” Assuming, as the appellant claims, that the draft report was mailed on August 6, 1987 and lost by the clerk’s office, after receipt and before docketing, it would be timely filed.
Rule 64(c) (5) requires that “[i]f final action by the trial justice upon any draft report other than upon an interlocutory matter is not taken within three months after the filing thereof and no petition for establishment of a report has been filed, the cause shall proceed as though no requestfor a report had been made, unless the Appellate Division for cause shown shall allow further time”. If a draft report is not settled within three months, the appellant safeguards his or her appeal by appealing to the Appellate Division either to establish a report or to grant additional time for report settlement. Live v. Bellows, 1988 Mass. App. Div. 171, 172.
The fifteen month delay of the appellant in preserving his appellate rights, by filing a petition to establish, is one year longer than the three months provided in the rule, and must be denied.